IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUOLJOCK LIA, | ) | CASE NO. 8:08CV338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on July 31, 2008. (Filing No. 1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on July 31, 2008, against the Nebraska Department of Correctional Services ("DCS"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that DCS officials committed "medical malpractice" and "entrapment" because they "failed to treat [him]." (*Id*. at CM/ECF p. 4.) Plaintiff also alleges that he experienced "mental strain" from this incident. (*Id*. at CM/ECF p. 5.) Plaintiff asks the court to "take [him] back to [his] country in one pace [sic]." (*Id*. at CM/ECF p. 6.)

**II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous

or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims

relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Although Plaintiff alleges the DCS "failed to treat [him]," his allegation does not set forth facts sufficient to suggest that he had a serious medical need, or that DCS officials knew of or were deliberately indifferent to his needs. (Filing No. 1 at CM/ECF pp 1-7.) As such, Plaintiff has failed to allege an Eighth Amendment safety claim against Defendant. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendant upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 20, 2008,** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendant, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed

      without further notice for failure to state a claim upon which relief may be granted;

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 20, 2008**;

4.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 22nd day of October, 2008.

                                                               BY THE COURT:

                                                               s/Laurie Smith Camp
                                                               United States District Judge